IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC McDONALD** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 22-CV-4757 |
| | : | |
| **JUDGE ABRAHAM KASSIS** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                        FEBRUARY 3, 2023

*Pro se* Plaintiff Eric McDonald filed this action in mandamus against Northampton Court of Common Pleas Judge, the Honorable Abraham Kassis, seeking to compel Judge Kassis' recusal from McDonald's pending state criminal court proceeding. He seeks leave to proceed *in forma pauperis*. McDonald is granted leave to proceed *in forma pauperis* and for the reasons set forth, his Mandamus Petition is dismissed, as legally frivolous.

I.     **FACTUAL ALLEGATIONS AND LITIGATION HISTORY**[1]

McDonald, a pretrial detainee currently confined at Northampton County Prison, is awaiting trial on various charges including rape of a child, statutory sexual assault, and involuntary deviate sexual intercourse with a child. *See Commonwealth v. McDonald*, CP-48-CR-0004302-2019 (C.P. Northampton). The instant case is the most recent in a series of actions filed by McDonald in this Court challenging his ongoing state court criminal proceeding.[2] It is the second

---

[1] The relevant facts are taken from public dockets and McDonald's Petition for a Writ of Mandamus.

[2] *See McDonald v. Kassis*, E.D. Pa. Civ. A. No. 22-2490 (voluntarily dismissed upon McDonald's acknowledgement that Kassis entitled to absolute judicial immunity); *McDonald v. Commonwealth of Pennsylvania*, E.D. Pa. Civ. A. No. 22-2612 (dismissed for failure to state a claim); *McDonald v.*

1

action filed against Judge Kassis, the Northampton County Judge presiding over McDonald's ongoing criminal case.

Relevant here, in June 2022, McDonald filed a civil action against Judge Kassis pursuant to 42 U.S.C. § 1983, alleging that Judge Kassis lacked jurisdiction over his ongoing criminal case and complained that certain actions taken by the Judge during the criminal proceedings violated his due process rights. *See McDonald v. Kassis*, Civ. A. No. 22-2490, ("*Kassis I*"). McDonald requested compensatory damages for "extreme mental distress and anxiety, and prolonged [incarceration]," (*Kassis I*, Compl. (ECF No. 1) at 3-4.) McDonald also asked this Court to declare "null and void" Judge Kassis' rulings on certain motions and to stay his criminal trial. (*Id*. at 4.) McDonald ultimately changed course and, in an August 1, 2022 filing, asked that his case be "drop[ped]" because he "further studied the law and [] found that Judges have absolute immunity" and he did not "wish to clutter the court's docket with cases that are pretty much banned by law." (*Kassis I,* ECF No. 6 at 1.) The Court entered a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1), and dismissed *Kassis I* without prejudice.

On December 1, 2022, McDonald filed the instant civil action, which repackages his prior lawsuit against Judge Kassis as a *mandamus* petition pursuant to 28 U.S.C. § 1361. McDonald again alleges that Judge Kassis lacks jurisdiction over his ongoing criminal case, and takes issue with Judge Kassis' conduct at a June 15, 2022 hearing that McDonald argues shows bias by Judge Kassis against him. (ECF No. 3 at 2-4, 11.) McDonald seeks mandamus relief directing that Judge Kassis recuse himself from his ongoing state court criminal case, *McDonald*, CP-48-CR-0004302-2019 (C.P. Northampton). (ECF No. 3 at 2, 11.)

---

*Commonwealth of Pennsylvania.*, E.D. Pa. Civ. A. No. 22-2932 (mandamus dismissed without prejudice on screening for lack of jurisdiction).

## II. STANDARD OF REVIEW

The Court grants McDonald leave to proceed *in forma pauperis* because it appears that he is not capable of pre-paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Mandamus Petition if, among other things, it is frivolous. A pleading is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As McDonald is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

McDonald brings his "Complaint in Mandamus" pursuant to 28 U.S.C. § 1361, (*see* ECF No. 3 at 1), which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, that statute only provides a basis for mandamus relief against federal employees or agencies, so it does not provide a basis for relief against Judge Kassis, who is a state court judicial officer. *See Elansari v. Pennsylvania*, No. 21-1200, 2022 WL 58539, at *2 (3d Cir. Jan. 6, 2022 (affirming that the district court properly denied a motion to reconsider denial of a mandamus petition against the Commonwealth because mandamus limited to actions "to compel an officer or employee of the United States or any agency thereof") (citations omitted); *see also Harman v. Datte*, 427 F. App'x 240, 243 (3d Cir. 2011) (observing that the district court properly rejected a request for mandamus relief because, "to the extent [plaintiffs] sought mandamus relief in their complaint, 28 U.S.C. § 1361 only affords a remedy against persons who are employees or officers of the United States and neither of the

defendants fall in these categories."). Furthermore, "[m]andamus relief under Section 1361 is an extraordinary remedy, which should be utilized only to compel the performance of a clear non-discretionary duty, after plaintiff has exhausted all other avenues of relief." McDonald has not met those requirements here. *Scott v. PA*, Civ. A. No. 18-0251, 2018 WL 2045507, at *2 (M.D. Pa. May 1, 2018); *Mote v. United States Dist. Ct. for Middle Dist. of Pennsylvania*, 858 F. App'x 39, 40 (3d Cir. 2021) (*per curiam*) (citations omitted), *cert. denied*, 142 S. Ct. 906 (2022) (a party seeking a writ of mandamus must show that he has "(i) no other adequate means of obtaining the desired relief and (ii) a 'clear and indisputable' right to issuance of the writ."). Under this cited caselaw, there is no legal basis for McDonald's mandamus petition.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant McDonald leave to proceed *in forma pauperis* and will dismiss his "Complaint in Mandamus" as legally frivolous, with prejudice because any amendment would be futile. An appropriate Order follows.


*NITZA I. QUIÑONES ALEJANDRO, J.*